IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   17-cv-00518-WYD-STV
                   17-cv-01379-WYD-STV

LOREN GIDEONS;
ESTATE OF LOWELL HEIZER, deceased, by and through Erica Heizer, personal representative; and
ERICA HEIZER,

    Plaintiffs,

v.

KENNON DECKER; and
PAM DECKER,

    Defendants.

## ORDER

THIS MATTER comes before the Court on the Defendants' Motion for Trial in Durango, Colorado (ECF No. 51), filed January 11, 2018. Defendants request that the jury trial in this matter be held at the federal courthouse in Durango, Colorado rather than in Denver, Colorado.

I.    <u>BACKGROUND</u>

By way of background, this matter arises out of an accident that occurred on or about December 2, 2014 on Highway 550 near Mile Point 1 in La Plata County, CO. (Gideon's Compl. ¶¶ 1-11). Plaintiff Loren Gideons was driving a semi tractor-trailer when he collided with a cow that had entered the westbound section of Highway 550.

(Gideons Compl. ¶¶ 1-11). Plaintiff Lowell Heizer,[1] who was also driving a semi tractor-trailer, subsequently hit Gideons' truck. The cow involved in the accident was part of a herd maintained by Defendants Kennon and/or Pamela Decker. (ECF No. 30 at 7 in 17-cv-00518-WYD-STV).

On November 28, 2016, Plaintiff Gideons filed a lawsuit arising out of the accident against Defendants Kennon and Pamela Decker in the La Plata County, District Court. On February 28, 2017, the Decker Defendants removed the case to federal court.[2] The case was initially assigned to Magistrate Judge Varholak, however, when consent to jurisdiction of a Magistrate Judge was not achieved, on May 24, 2017, the case was transferred to me. (*See* docket sheet in 17-cv-00518-WYD-STV).

On June 1, 2017, Plaintiffs Lowell Heizer and Erica Heizer filed a separate lawsuit arising out of this same accident against Defendants Kennon and Pamela Decker in the La Plata County District Court.[3] On June 7, 2017, the Deckers removed this case to federal court where it was assigned to District Judge R. Brooke Jackson.

---

[1] On July 19, 2018, Plaintiff Erica Heizer, individually and as the Personal Representative of the Estate of Lowell Heizer, filed a notice with the Court indicating that Lowell Heizer passed away on September 18, 2017. Magistrate Judge Varholak subsequently granted Erica Heizer's unopposed motion to substitute the Estate of Lowell Heizer, by and through Erica Heizer, as the duly appointed Personal representative, for Plaintiff Lowell Heizer. (ECF No. 73 in 17-cv-00518-WYD-STV).

[2] Plaintiff Gideons also initially brought suit against Sue Decker, Jaye Decker, Decker Ranch, Decker Herefords, Lowell Heizer and Toto Traders d/b/a Thriftway Fuels, but these Defendants were voluntarily dismissed on February 23, 2017. (ECF No. 1, Ex. E in 17-cv-00518-WYD-STV).

[3] Plaintiffs Great West Casualty Company and Schneider National Carriers, Inc. also sued the Deckers, but these Plaintiffs were dismissed on May 18, 2018 by Court order. (ECF No. 62 in 17-cv-00518-WYD-STV).

(*See* docket sheet in 17-cv-01379-WYD-STV).

On June 16, 2017, I granted the Decker Defendants' unopposed motion to consolidate 17-cv-00518-WYD-STV with 17-cv-01379-RBJ pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, and 17-cv-01379 was reassigned to me as reflected in the consolidated case caption above. (ECF No. 24 in 17-cv-00518-WYD-STV).

Following several voluntary dismissals and stipulations, the current Plaintiffs are: (1) Loren Gideons; (2) the Estate of Lowell Heizer; and (3) Erica Heizer. The current Defendants are: (1) Kennon Decker and (2) Pamela Decker. The Plaintiffs each assert negligence claims against the Deckers.[4]

## II.  ANALYSIS

On January 11, 2018, the Deckers filed the pending motion to transfer the jury trial to Durango, Colorado. I note that a trial date has not yet been set, and in fact, on August 16, 2018, the Deckers filed a motion for summary judgment seeking judgment as a matter of law on all claims. (ECF No. 77 in 17-cv-00518-WYD-STV). Plaintiffs oppose the request to transfer the trial.

In support of their motion, the Deckers argue that the Durango courthouse is "more convenient for witnesses, and the makeup of the jury pool in Durango is better equipped to determine facts for this case." (ECF No. 51 at 1 in 17-cv-00518-WYD-STV). Specifically, the Deckers state that they have identified seven "will call" witnesses, including themselves, and four "may call" witnesses "who are believed to all

---

[4] Plaintiffs have stipulated to the dismissal of all other claims asserted in their Complaints, which I have approved. (ECF Nos. 68 and 75 in 17-cv-00518-WYD-STV).

reside within 100 miles of Durango, Colorado." (ECF No. 51 at in 17-cv-00518-WYD-STV). Moreover, because the subject accident occurred in La Plata County, just south of Durango, Colorado on Highway 550, "[s]ources of proof, including original police documents, the actual scene of the accident, and many witnesses are located by Durango." (ECF No. 51 at 7 in 17-cv-00518-WYD-STV). The Deckers go on to assert that since all out of state witnesses will have to travel to Colorado for trial, "a trip to Durango [instead of Denver] makes no significant difference in their ability to bring whatever sources of proof they will need to testify." (ECF No. 51 at 7 in 17-cv-00518-WYD-STV). Finally, the Deckers argue that a jury familiar with the Durango area where the accident occurred "[is] more invested in a proper and fair outcome of this case" as opposed to jurors called to serve in Denver, who would be "thoroughly unconnected and unfamiliar with the region where an event took place and would have less of an understanding and interest in the overall outcome of the case." (ECF No. 51 at 8 in 17-cv-00518-WYD-STV).

In response, the Plaintiffs oppose the transfer arguing that it is much more convenient and inexpensive for the out of state parties and witnesses to travel to Denver as opposed to Durango. The Plaintiffs further contend that the other sources of proof, including evidence of the actual scene of the accident "can be easily explained, described, shown through photographs, and addressed at trial in Denver." (ECF No. 52 at 6 in 17-cv-00518-WYD-STV).

The District of Colorado comprises both one judicial district and one division. Durango is within the same division as Denver, thus Defendants' motion is governed by

28 U.S.C. § 1404(c), which states that "[a] district court may order any civil action to be tried at any place within the division in which it is pending." *Id.*

In considering a motion for an intra-division transfer, courts in the Tenth Circuit generally look at the following factors in determining whether a transfer is proper: (1) the plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the accessibility of witnesses and other sources of proof, (4) the possibility of obtaining a fair trial, and (5) all other practical considerations that make a trial easy, expeditious, and economical. *See Four Corners Nephrology Assocs., P.C. v. Mercy Medical Center of Durango*, 464 F. Supp. 2d 1095, 1098 (D.Colo. 2006).

As to the first factor, the plaintiff's choice of forum is given lesser weight when the plaintiff is not a resident of the forum. *Id.* Here, Plaintiff Loren Gideons resides in Sacramento, California and Plaintiff Erica Heizer resides in Salt Flat, Texas. The underlying controversy is unconnected to Denver. Thus, I give the Plaintiffs' choice of forum some weight.

Second, the Defendants argue that a large majority of the witnesses either reside closer to Durango, Colorado or out of state, making it easier for them to travel to a trial in Durango. On the other hand, Plaintiffs assert that it is much more convenient for their witnesses to travel into Denver than Durango, which is a more remote destination. I note that since this motion to transfer was briefed, two parties have been dismissed, thus the arguments in connection with those parties' witnesses are now moot. Further, since Defendants just filed a motion for summary judgment on Plaintiffs' claims, which is

not fully briefed coupled with the fact that discovery is not yet complete,[5] I cannot determine what witnesses will actually be called to testify at trial. Thus, Defendants may renew this request once the witness list in this case is entered as part of the Final Pretrial Order.

Third, I find that this factor does not weigh in any party's favor, since witnesses and documents appear to be equally accessible from either Denver or Durango.

Fourth, I reject Defendants' argument that they are less likely to have a fair trial in Denver since the jurors drawn from the Denver area would be less interested in the overall outcome of the case. This is pure speculation, and after presiding over hundreds of jury trials in Denver, Colorado for more than two decades, I am always impressed with the diligence, commitment, and dedication to serve demonstrated by federal juries convened at this Courthouse. This factor tips slightly in favor of Plaintiffs.

Fifth, Defendants argue that "[j]urors from the Durango area will generally be more familiar with the operation of ranches in the area, the behavior of local livestock and wildlife, and the use of commercial trucks in the area ...." (ECF No. 53 at 7 in 17-cv-00518-WYD-STV). This factor slightly favors Defendants as the events underlying this action occurred at a location closer to Durango, Colorado. I also note that there is no practical impediment to having a trial in Durango, Colorado.

Based on my careful review of the relevant factors, I do not find that they tip strongly in favor of transferring this jury trial to Durango. However, given that this case

---

[5] The pending motion for summary judgment indicates that a deposition of a fact witness is scheduled to occur on August 30, 2018. (ECF No. 77 at 5 in 17-cv-00518-WYD-STV).

is still in the earlier stages of litigation, I will deny Defendants' request without prejudice. Defendants may renew the motion following the entry of the Final Pretrial Order.

III.     CONCLUSION

Accordingly, it is

ORDERED that Defendants' Motion for Trial in Durango, Colorado (ECF No. 51) is **DENIED WITHOUT PREJUDICE.**

Dated:  August 21, 2018

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge